Dennis Cusack (State Bar No. 124988)
  dcusack@fbm.com
Tyler C. Gerking (State Bar No. 222088)
  tgerking@fbm.com
Unnati Gandhi (State Bar No. 278340)
  ugandhi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ORACLE AMERICA, INC., formerly known as Sun Microsystems, Inc. ("Plaintiff"), states against Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("Defendant") as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1.  Plaintiff seeks general damages and declaratory relief against Defendant for its breach of insurance contract.  Plaintiff's claims against Defendant arise out of Defendant's refusal to immediately and entirely defend Plaintiff against claims asserted against Plaintiff by Network Appliance, Inc. ("NetApp") in three underlying actions in California filed in 2007 and 2008 (collectively the "Underlying Actions").  On January 18, 2008, Plaintiff initially tendered the

COMPLAINT

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

23916\4524460.1
8/29/14

1. Underlying Actions to Defendant under a general liability policy and an umbrella policy issued by Defendant.

2. In letters dated June 5 and July 29, 2008, Defendant acknowledged its duty to defend Plaintiff against disparagement allegations by NetApp in one of the three Underlying Actions. However, Defendant wrongfully refused to pay all of Plaintiff's defense costs in that action, and also wrongfully refused to defend the other two Underlying Actions. Defendant did not make its first payment of defense costs to Plaintiff until May 15, 2012, and Defendant has made no payments since July 7, 2014. Defendant has paid less than 20 percent of the defense costs that Plaintiff incurred in the Underlying Actions.

3. Defendant's breach of its contractual obligations forced Plaintiff to bear alone more than $16 million in covered defense costs. Plaintiff and NetApp entered into a global settlement of the Underlying Actions on September 3, 2010.

**THE PARTIES**

4. Plaintiff Oracle America, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065, and at all times relevant hereto is and was doing business in the Northern District of California. On or about February 15, 2010, Oracle USA, Inc. merged with and into Sun Microsystems, Inc. Sun Microsystems, Inc., the surviving corporation, was then renamed "Oracle America, Inc."

5. At all times relevant hereto, Plaintiff is informed and believes and, based thereon, alleges that Defendant National Union Fire Insurance Company of Pittsburgh, PA, was and is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of New York.

6. At all times relevant hereto, Plaintiff is informed and believes and, based thereon, alleges that Defendant has been a corporation authorized to transact and has been transacting business in the Northern District of California as an admitted carrier.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 2 - 23916\4524460.1
8/29/14

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), in that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs as between citizens of different states. In addition, this court has personal jurisdiction over Defendant because it is a corporation that conducts business and has continuous and systematic contacts with the State of California.

8. Venue is proper in this district pursuant to 28 U.S.C. §§1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district.

## GENERAL ALLEGATIONS

**The National Union Commercial General and Umbrella Liability Policies**

9. Plaintiff purchased National Union Commercial General Liability Policy No. 159-54-07 ("GL Policy") and National Union Commercial Umbrella Liability Policy No. 9835048 ("Umbrella Policy") (collectively the "Policies"), both of which covered the relevant period from July 1, 2007 to July 1, 2008. The GL Policy has a limit and self-insured retention of $3 million, and the Umbrella Policy has a limit of $50 million per occurrence and in the aggregate.

10. The GL Policy provides Plaintiff with coverage for "personal and advertising injury." The Umbrella Policy provides Plaintiff with coverage for "Personal Injury and Advertising Injury."

11. Under the GL Policy, "personal and advertising injury" is defined in relevant part as an "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Under the Umbrella Policy, "Personal Injury and Advertising Injury" is defined in relevant part as "oral or written publication, in any manner, of material that slanders or libels a person or organization, or disparages a person's or organization's goods, products or services."

12. Under the GL Policy, "personal and advertising injury" is also defined in relevant part to mean "[m]alicious prosecution." Under the Umbrella Policy, "Personal Injury and Advertising Injury" is also defined in relevant part to mean "malicious prosecution."

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 3 - 23916\4524460.1
8/29/14

13. The Policies impose a duty on Defendant to defend Plaintiff in all suits to which the coverage applies. If any allegation within a suit or other information available to Defendant suggests the potential for coverage, Defendant must defend the entire action. Defendant must pay the fees and costs it incurs in defending Plaintiff in addition to the limits of the Policies.

14. Plaintiff has paid all required premiums with respect to the Policies and has satisfied all terms and conditions of the Policies, including timely notice and payment of the full $3 million self-insured retention for the GL Policy.

**The Underlying Actions**

15. The Underlying Actions consisted of three separate lawsuits, including counterclaims asserted in each case, which were ultimately coordinated together before Magistrate Judge Elizabeth LaPorte in the United States District Court for the Northern District of California.

16. The first case was captioned *Network Appliance, Inc. v. Sun Microsystems, Inc.*, Case No. 3:07-CV-06053-EDL, and was filed on September 5, 2007 ("Case No. 1").[1]

17. The second case was captioned *Sun Microsystems, Inc. v. Network Appliance, Inc.*, Case. No. 3:07-CV-05488-EDL, and was filed on October 29, 2007 ("Case No. 2").

18. The third case was captioned *Sun Microsystems, Inc. v. Network Appliance, Inc.*, Case No. 3:08-CV-01641-EDL, and was filed on March 26, 2008 ("Case No. 3").

19. Plaintiff treated the Underlying Actions as one case for purposes of retaining and staffing its legal team and defending the cases through one outside law firm – DLA Piper. The witnesses, document discovery and experts in all three Underlying Actions significantly overlapped. DLA Piper provided one set of attorneys to litigate all three Underlying Actions and billed for all three cases to one matter.

20. In Case No. 2, NetApp asserted counterclaims against Plaintiff which included allegations that were covered by the Policies. NetApp asserted a Lanham Act unfair competition counterclaim that alleged that Plaintiff: (1) had disparaged NetApp by falsely accusing NetApp of

---

[1] This case was originally filed in the Eastern District of Texas, but was transferred to the Northern District of California on November 30, 2007.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 4 - 23916\4524460.1
8/29/14

infringing Plaintiff's patents and also by accusing NetApp of asserting meritless patent claims against Plaintiff; and (2) was engaging in bad faith litigation in asserting claims against NetApp.

21. More specifically with respect to the disparagement allegations, NetApp alleged that Plaintiff's disparaging remarks began shortly after Case No. 1 was filed and that they continued even after the Case No. 3 began. NetApp alleged that the disparagement was directed to patent claims at issue in all three Underlying Actions, and it made no distinction among the patents at issue in the three Underlying Actions in its disparagement allegations. The statements at issue were contained in blog entries posted on Plaintiff's website in September and October 2007 by Plaintiff's employees Jonathan Schwartz and Michael Dillon.

22. More specifically with respect to the bad faith litigation allegations, NetApp alleged that Plaintiff's patent infringement cases in both Case Nos. 1 and 2 were brought in bad faith.

23. In interrogatory responses related to Case No. 3, NetApp identified as the bases for its unfair competition claims blog entries by Michael Dillon dated June 26, 2008, October 2, 2008 and October 6, 2008, which post-dated the filing of Case No. 3. The June 26, 2008 blog entry discusses the 22 patents Plaintiff had asserted as well as NetApp's products that infringe Plaintiff's patents in all three Underlying Actions.

24. The disparagement and bad faith litigation allegations implicated Plaintiff's position with respect to all claims asserted by and against Plaintiff in the Underlying Actions. To defeat the disparagement and bad faith litigation allegations, Plaintiff needed to defeat NetApp's patent infringement claims and succeed on its own affirmative patent infringement claims in all of the Underlying Actions.

**Plaintiff's Tender Of The Underlying Actions To Defendant, and Defendant's Response**

25. Disparagement is a "personal and advertising injury" as defined and covered by the Policies. Malicious prosecution is also a "personal and advertising injury" as defined and covered by the Policies. As a result, Plaintiff notified Defendant of the Underlying Actions in January 2008 and requested that Defendant defend Plaintiff.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 5 - 23916\4524460.1
8/29/14

26. In letters dated June 5 and July 29, 2008, Defendant agreed to defend the disparagement allegations, but not the bad faith litigation allegations, and only with respect to Case No. 2 under a reservation of rights.

27. Defendant further asserted a right to allocate as to Plaintiff's affirmative claims in Case No. 2.

28. Defendant also denied any coverage obligation in Case Nos. 1 and 3.

29. Defendant acknowledged that Plaintiff was entitled under California Civil Code § 2860 to select independent counsel. Defendant asserted a right to reimburse Plaintiff for its defense costs incurred in connection with Case No. 2 only at insurance company "panel" counsel rates and did not agree to pay the rates that Plaintiff's defense counsel was actually charging.

30. Despite its agreement to defend at least the disparagement allegations in Case No. 2, Defendant did not immediately advance or reimburse any defense costs to Plaintiff.

31. It was not until May 15, 2012 that Defendant reimbursed $1,408,997.80 in defense costs to Plaintiff, despite the fact that Defendant had been provided with most, if not all, of the defense invoices from Plaintiff's defense counsel, DLA Piper, for approximately $20 million in covered defense costs incurred above the $3 million GL Policy.

32. Plaintiff received the only other defense cost payment made by Defendant on July 9, 2014, and that payment was in the amount of $2,171,329.84. As a result, Defendant has failed to pay more than $16 million in covered defense costs.

33. Under the terms of the Policies, Defendant had the duty to immediately and entirely defend Plaintiff in the Underlying Actions until September 3, 2010, when the Underlying Actions were resolved through settlement.

### FIRST CAUSE OF ACTION

#### (BREACH OF CONTRACT AS TO DUTY TO DEFEND)

34. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 33 as if fully set forth here.

35. The Policies constitute valid and enforceable written contracts between Plaintiff and Defendant, which obligate Defendant to provide full, complete and immediate insurance

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 6 - 23916\4524460.1
8/29/14

coverage under the terms of the Policies for the reasonable and necessary costs of Plaintiff's defense.

36. Plaintiff has fully satisfied its obligations under the Policies, including the payment of premiums and submission to Defendant of timely written notice of claim, save for any requirements which have been waived or which are excused by Defendant's breaches.

37. Defendant has breached its contractual obligations by, among other things: failing to pay defense costs immediately and entirely; refusing to defend any portion of Case Nos. 1 and 3; refusing to defend the entirety of Case No. 2; refusing to defend the bad faith litigation allegations against Plaintiff by NetApp; asserting an improper basis for allocation; asserting panel counsel rates under California Civil Code § 2860 without foundation; and asserting that the defense invoices contained unreasonable or unsubstantiated time and expenses.

38. As a proximate result of the Defendant's breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (DECLARATORY RELIEF)

39. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 38 as if fully set forth here.

40. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant, on the other hand, concerning Plaintiff's contention that Defendant breached its obligations under the Policies by improperly asserting arbitrary and unfounded limitations on its obligations to pay full defense costs.

41. Plaintiff desires a judicial determination of the respective rights and obligations of Plaintiff and Defendant with respect to Defendant's duty to defend Plaintiff immediately and entirely under the Policies for defense costs incurred in the Underlying Actions. Specifically, Plaintiff desires a declaration that Defendant breached its contractual obligations under the Policies by improperly delaying payment of defense costs and asserting arbitrary and unfounded limitations on its obligations to pay full defense costs, and that Defendant may not rely on any term of the Policies or California Civil Code § 2860 to limit its obligations to pay full defense

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT - 7 - 23916\4524460.1
8/29/14

1  costs for the Underlying Actions.

2  42.  A judicial determination is necessary and appropriate at this time under the circumstances so that Plaintiff, on the one hand, and Defendant, on the other hand, may ascertain their respective rights and duties under the Policies.

43.  WHEREFORE, Plaintiff prays for relief as set forth hereinafter.

## PRAYER FOR RELIEF

44.  On the First Cause of Action, for actual damages in an amount to be proven at trial, including all defense costs incurred by Plaintiff in the Underlying Actions;

45.  On the Second Cause of Action, for a judicial determination that Defendant breached its contractual obligations by improperly asserting arbitrary and unfounded limitations on its obligations to pay full defense costs, and that Defendant may not rely on any term of the Policies or California Civil Code § 2860 to limit its obligations to pay full defense costs for the Underlying Actions.

46.  For costs of suit incurred herein, including reasonable attorneys' fees; and

47.  For such other and further relief as the Court deems just and proper.

Dated: August 29, 2014              FARELLA BRAUN + MARTEL LLP


                                    By: /s/ Tyler C. Gerking
                                        Tyler C. Gerking

                                    Attorneys for Plaintiff
                                    ORACLE AMERICA, INC.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues properly triable in this action.

Dated: August 29, 2014              FARELLA BRAUN + MARTEL LLP


                                    By: /s/ Tyler C. Gerking
                                        Tyler C. Gerking

                                    Attorneys for Plaintiff
                                    ORACLE AMERICA, INC.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT — 8 —                     23916\4524460.1
                                    8/29/14